UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,

v.

TIMOTHY D. MINCEY,

　　　　　Defendant.

Criminal No. 05-235M

**FILED**

MAY 0 6 2005

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## DETENTION MEMORANDUM

The Defendant, Timothy Mincey, has been charged in a criminal complaint with possession of a firearm and the Defendant had previously been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1). The government requested a detention hearing, which was held on May 3, 2005. At the conclusion of the hearing, the Court found that the Defendant should be held without bond. This memorandum is submitted to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

### Findings of Fact

At the detention hearing, Officer Travis Eagan of the Metropolitan Police Department testified for the government. The officer testified that on April 27, 2005 at approximately 12:00 a.m.

at 3500 13th St., N.W., in the District of Columbia the Defendant was stopped in his vehicle by an undercover police vehicle as well as Officer Eagan's marked police vehicle for driving at a high rate of speed. After instructing the Defendant to show his hands to the officer, the Defendant raised his right hand, which was clenched as a fist. The Defendant had a 38-caliber revolver in his hand. The Defendant moved his hand over to the passenger side of the automobile and released the gun from his hand. He then exited the vehicle and was apprehended by the police. The 38 caliber revolver recovered from the passenger seat of the car was loaded and was later found to be operable.

## Discussion

The Bail Reform Act of 1984, 18 U.S.C. § 3141 et seq. (hereinafter "the Act"), provides, in pertinent part, that if a judicial officer finds by clear and convincing evidence that "no condition or combination of conditions will reasonably assure . . . the safety of any other person and the community, such judicial officer shall order the detention of the [Defendant] before trial." 18 U.S.C. § 3142(e). Thus, danger to the community alone is a sufficient basis upon which to order pretrial detention. United States v. Salerno, 481 U.S. 739, 755 (1987); United States v. Perry, 788 F.2d 100, 113 (3d Cir. 1986); United States v. Sazenski, 806 F.2d 846, 848 (8th Cir. 1986).

Where, as here, the offense pending against the defendant is not a crime of violence, the government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of defendant as required, it has the burden of establishing by a preponderance of the evidence that the defendant will flee before trial if released. United States v. Vortis, 785 F.2d 327, 328-29 (D.C. Cir. 1986). The judicial officer must determine that "it is more likely than not that no condition or combination of conditions will reasonably assure an

accused's appearance." United States v. Westbrook, 780 F.2d 1185, 1188-89 (5th Cir. 1986).

In determining whether there are conditions of release which will reasonably assure the Defendant's future presence in court, the judicial officer shall take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the Defendant; (3) the Defendant's history and characteristics, including the Defendant's ties to the community; and (4) the nature and seriousness of the danger to any person or to the community which would be posed by the Defendant's release. See 18 U.S.C. § 3142(g).

The nature and circumstances of the offense and the weight of the evidence, favor detention. Unlawful possession of a loaded firearm is a serious offense. The Defendant was in physical possession of a loaded handgun when arrested.

The third factor, the history and characteristics of the Defendant, supports pretrial detention. The Defendant has had multiple prior convictions. The factors weighing heavily in the Court's ruling are two prior failures to appear for a court appearances coupled with the fact that the Defendant was placed on his personal recognizance five days prior to his arrest in this case with the express condition that he, *inter alia*, not operate an automobile. When placed on post-conviction release, a Defendant is expected to avoid criminal activity. Defendant was in violation of the condition of release by the D.C. Superior Court within five days of his release.

The fourth factor, the nature and seriousness of the danger to the community should the Defendant be released, also favors detention. The Defendant's current charge before this Court involves a handgun. The rampant epidemic of shootings and murders reported daily by the news media bears graphic witness to the fact that unlawful possession of a firearm is an offense that tears the very fabric of our community. The nature and seriousness of the danger to the community can

hardly be overstated.

### Conclusion

Based upon consideration of all the evidence and the factors set forth in 18 U.S.C. § 3142(g), the Court concludes by a preponderance of the evidence that no condition or combination of conditions can be imposed that would assure compliance by the Defendant, including the Defendant's appearance at further court proceedings should he be released pretrial. Therefore, the government's motion for pretrial detention is granted.

May 6, 2005
DATE

ALAN KAY
UNITED STATES MAGISTRATE JUDGE