UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 05-200 (RMU) |
| | : | |
| v. | : | |
| | : | FILED |
| | : | |
| TIMOTHY MINCEY | : | SEP 2 9 2005 |

**FACTUAL PROFFER**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

On April 27, 2005, at approximately 12:03 a.m.., two Metropolitan Police Officers (Hereinafter MPD) were on routine patrol in plain clothes and in an unmarked police car in the area of New Hampshire Avenue, NW, and Georgia Avenue, NW in Washington, DC. The officers saw the defendant, later identified as Timothy Mincey, driving southbound on New Hampshire Avenue in a red automobile bearing Maryland tags, travelling at a high rate of speed. Defendant was alone in the car. The officers drove behind the defendant's vehicle and activated their emergency equipment .

Defendant continued to drive his car, turning west on Monroe Street, NW and then turning north on 11th Street, NW. Defendant was then traveling the wrong way up 11th Street, NW, which is a one-way, southbound street in that location. The officers called for assistance and continued to follow defendant as he drove west on Spring road and then south on 13th Street, NW. Defendant's car was stopped in front of 3546 13th Street, NW.

After defendant's car was stopped, an officer saw defendant drop his hands to his waistband, and the officer ordered him to show his hands. The officer saw the defendant raise his hand up, holding what appeared to be a revolver in his clenched fist. The officer then saw the defendant drop the object into the passenger seat, just before defendant jumped out of the car. Officers approached the car and detained the defendant. An officer immediately saw a handgun on the passenger seat of

the car, and the defendant was arrested.

Officers recovered a loaded .38 caliber handgun from the front passenger seat of the car. The gun held six live rounds of .38 caliber ammunition. Officers found another 11 live rounds of .38 caliber ammunition in defendant's pants pockets. Defendant, who appeared to have been drinking, proceeded to make a number of spontaneous statements at the scene which expressed that he knew that he had made a mistake. Defendant's comments about the gun included stating that he should have left the gun at home, that he had the gun because he had been shot before, and that he did not stop for the police because he had the gun in the car.

There are no firearm or ammunition manufacturers located within the District of Columbia. Therefore, the firearm seized from Mr. Mincey on April 27, 2005, an F.I.E .38 caliber revolver and .38 ammunition was manufactured outside the District of Columbia and was shipped, transported, or delivered through interstate or foreign commerce into the District of Columbia at some point prior to April 27, 2005.

At the time the defendant possessed the handgun on April 27, 2005, the defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year, and such crime does not involve the exceptions in 18 U.S.C. § 921(a)(20).[1] Specifically, he had been convicted of the felony offense of Attempted Distribution of Cocaine, in case number F-4548-02, in the Superior Court of the District of Columbia.

---

[1] In 18 U.S.C. § 921(a)(20), the statute defines a "crime punishable by imprisonment for a term exceeding one year" as excluding such business crimes as antitrust offenses, as well as offenses characterized by the state as misdemeanors that are punishable by imprisonment for two years or less. The predicate felony in this case does not trigger any of these exceptions.

## DEFENDANT'S ACKNOWLEDGEMENT

I have read this factual proffer and have discussed it with my attorney, Michelle Peterson, Esquire. I fully understand this factual proffer. I agree and acknowledge by my signature that this proffer of facts is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this factual proffer fully.

Date: 9/29/05

_____
Timothy Mincey

## ATTORNEY'S ACKNOWLEDGMENT

I have read this factual proffer, and have reviewed it with my client fully. I concur in my client's desire to adopt this factual proffer as true and accurate.

Date: 9/29/05

_____
Michelle Peterson, Esquire
Attorney for Timothy Mincey